FRANCIS J. ESSIG, Appellant, *v.* THE LUMBER OPERATING AND MANUFACTURING COMPANY, Respondent.

Second Department, May 3, 1918.

**Motor vehicles — negligence — collision between truck and motorcycle — traffic regulations, borough of Brooklyn — right of way — evidence justifying verdict for defendant — charge — former employee of defendant not interested witness.**

As, under the Code of Ordinances relating to traffic regulations in the city of New York, a south-bound vehicle had the right of way, a motorcyclist attempting to cross a street in an easterly direction takes the risk of passing in front of such privileged vehicle.

Where the plaintiff, a motorcyclist, was run down and injured by a south-bound truck under the circumstances aforesaid the jury were justified in finding for the defendant where the plaintiff testified that the truck sheered so that they were both facing east and then turned back to a southerly direction and struck him.

In such action it was not error to refuse to charge that the truck driver, who had been out of the defendant's employ for a year, was an interested witness.

Mills, J., dissented.

Appeal by the plaintiff, Francis J. Essig, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 23d day of October, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of November, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Frederick E. Fishel* [*John A. Bloom* with him on the brief], for the appellant.

*Henry M. Dater* [*Jay S. Jones* and *George C. Wildemuth* with him on the brief], for the respondent.

Per Curiam:

Plaintiff on his motorcycle, riding easterly on Carroll street, attempted to cross Fourth avenue, Brooklyn, at about six P. M., August 1, 1916. He failed to cross this street, the roadway of which is 70 feet in width, and was knocked off his motorcycle when near the eastern curb of Fourth avenue, and somewhat southerly from the southeast corner of Carroll street. Considering that the south-bound truck had the right of way (Code of Ordinances, chap. 24, Traffic Reg. § 15; Cosby's Code Ord. [Anno. 1917] p. 516) plaintiff took an evident risk in crossing in front of the privileged vehicle; indeed, there was evidence that plaintiff admitted to the patrolman that he did not see the auto truck. Plaintiff's testimony, however, was that he had seen the truck when 100 feet north of Carroll street, but afterward, when his cycle was halfway over the crossing, the truck was close upon him and then sheering to plaintiff's left, so that both were facing easterly on Carroll street; that the collision was due to the truck turning back down Fourth avenue.

This narrative of separate situations happening during less than two or three seconds, involved the improbability that a heavy eighteen-foot truck, after turning at a right angle, then came around back to its normal southerly direction. A familiar illusion of an observer upon one of two meeting

objects is that his own object is steady or at rest, so that all the sudden changes of the relative bearings are because of the erratic movements of the other one approaching. The jury were, therefore, justified in finding for defendant.

There was no error in refusing to charge that Kadel, the truck driver, who had been out of defendant's employ for a year, was an interested witness. As Kadel could not gain or lose by the judgment, which would not be admissible against him, he was not legally interested. The motive to have his former employer succeed was not a present, certain and vested interest in the cause. (*Connelly* v. *O'Connor,* 117 N. Y. 93, 94.) The learned court in his explanation of bias or prejudice made clear to the jury how the respective witnesses might be discriminated.

The judgment and order are, therefore, affirmed, with costs.

JENKS, P. J., THOMAS, PUTNAM and KELLY, JJ., concurred; MILLS, J., dissented upon the ground that the trial court should have charged that defendant's driver was to be regarded as a biased witness.

Judgment and order affirmed, with costs.